IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| VERNON GRANT, )<br>)<br>　　　　Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>　　　　Respondent. )<br>_____ ) | Criminal No. 2004-77<br>Civil No. 2009-116 |

**REPORT AND RECOMMENDATION**

Before the Court is petitioner Vernon Grant's Motion to Vacate, Set Aside or Correct Sentence [DE 739] pursuant to 28 U.S.C. § 2255. The government filed a response.[1] [DE 800]. Petitioner did not reply. For the reasons that follow, it is recommended that petitioner's motion be denied.

## I.   BACKGROUND

As the parties are familiar with the underlying facts of this case, only those facts relevant to this discussion will be recited. This matter arises out of a conspiracy to import controlled substances into the United States from St. Maarten and Anguilla using female couriers.[2] Petitioner was convicted following a jury trial "on three counts of conspiracy to possess with

---

[1]　　With the exception of citations to law governing criminal proceedings generally, the government's response is completely lacking substantive analysis. *See* FED. R. CIV. P. 11 ("By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . the factual contentions have evidentiary support . . . the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.").

[2]　　*See United States v. Grant*, 281 Fed. Appx. 123, 124-25 (3d Cir. 2008).

intent to distribute cocaine, conspiracy to import heroin and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841, 952, 960 and 18 U.S.C. § 2."[3]  On June 6, 2007, the District Court sentenced petitioner to a term of 168 months, a supervised release term of five years and a $300 special assessment.[4]  Petitioner appealed his conviction, arguing (1) "the government's failure to disclose his original passport violated his rights to present a defense, to compulsory process and to due process and the District Court's suppression of the passport was arbitrary;" and (2) the District Court "violated his Fifth Amendment right to due process and his Sixth Amendment right to a jury trial by giving an erroneous reasonable doubt jury instruction that unconstitutionally lowered the government's burden of proof …." *United States v. Grant*, 281 Fed. Appx. 123, 124 (3d Cir. 2008) (internal brackets and quotation marks omitted).

The Third Circuit Court of Appeals rejected petitioner's arguments and affirmed his conviction in a judgment issued on June 4, 2008.  *Id*.; [DE 690-1].   Petitioner did not appeal the decision and the judgment became final ninety days later on September 2, 2008.[5]  Accordingly, the statutory period during which petitioner could timely file his petition ended on September 2, 2009.[6]  Petitioner's petition, filed August 20, 2009, is thus timely.

---

[3]   *Id*. at 124.

[4]   *See id*.; Judgment and Commitment [DE 499].

[5]   *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012) (holding that a federal judgment becomes final, for purposes of the AEDPA's statute of limitations, when the Supreme Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or, if the prisoner does not seek certiorari, when the time for filing a certiorari petition expires); *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013) (explaining when a petitioner does not pursue appeals through the United States Supreme Court, his judgment becomes final after the time for pursuing direct review in either the Supreme Court or in state court expires.) (citing *Gonzalez*, 132 S. Ct. at 641); SUP. CT. R. 13(1), (3) ("[A] petition for a writ of certiorari . . . is timely when it is filed . . . within 90 days after entry of the judgment. . . . The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]").

[6]   The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations

Petitioner raises three grounds for post-conviction relief. Two claims are asserted under the theory of ineffective assistance of counsel. In the remaining claim, petitioner argues the District Court violated his Fifth Amendment right to due process and his Sixth Amendment right to a jury trial. Pet'r's Mot. at 5, 6, 8 [DE 739].

## II.   LEGAL STANDARDS

### A.   28 U.S.C. § 2255

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 allows petitioners to collaterally attack their sentences by moving "the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The remedy is intended only where "the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) (internal quotation marks omitted); *see also United States v. Addonizio*, 442 U.S. 178, 184 (1979) (explaining "an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment"). A section 2255 evidentiary hearing is required unless "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *accord United States v. Padilla-Castro*, 426 Fed. Appx. 60, 63 (3d Cir. 2011).

In order to prevail on a section 2255 motion, a petitioner must show one of the following: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the

---

period for section 2255 motions, "running from the latest of" four specified dates. 28 U.S.C. § 2255(f). As in most section 2255 cases, here, the relevant date is "the date on which the judgment of conviction becomes final." *Id.*

*Grant v. USA*
Criminal No. 2004-77
Civil No. 2009-116
Page 4

maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If the court finds any of these grounds, the court must vacate the judgment, resentence the prisoner, or grant the prisoner a new trial as appropriate. *Id*. § 2255(b).

A section 2255 petition is not a substitute for an appeal. *Hodge v. U.S.*, 554 F.3d 372, 379 (3d Cir. 2009). Thus, the general rule is that a petitioner procedurally defaults on a claim if he "neglected to raise [it] on direct appeal." *Id.* (citation omitted); *Massaro v. United States*, 538 U.S. 500, 504 (2003).[7] Moreover, a section 2255 petition may not "be used to relitigate matters decided adversely on appeal." *Gov't of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1074-75 (3d Cir. 1985) (citation omitted). Because petitioner is proceeding *pro se*, the Court must construe his motion liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**B. Ineffective Assistance of Counsel**

In order to succeed on an ineffective assistance of trial counsel claim, a petitioner must show (1) counsel's representation was deficient and (2) the deficient performance "prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).[8] Regarding the "deficient" prong, a petitioner must demonstrate that his counsel's performance fell below an objective standard of reasonableness, assessing the facts of the case at the time of counsel's conduct. *Id*. at 688-89 ("the performance inquiry must be whether counsel's assistance was reasonable

---

[7] A petitioner properly raises ineffective assistance of counsel arguments under section 2255 rather than on direct appeal. *See Massaro*, 538 U.S. at 504 (explaining it is "preferable" that such claims be considered on collateral review where the record for such claims may be properly developed); *accord United States v. Garcia*, 516 Fed. Appx. 149 (3d Cir. 2013) ("It is well-settled that this Court ordinarily does not review claims of ineffective assistance of counsel on direct appeal.") (citing *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003)).

[8] A court has discretion to dispose of a claim at either prong, as there is no required order to the *Strickland* inquiry. *Strickland*, 466 U.S. at 697 (explaining a court need not "determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies" or "address both components of the inquiry if the defendant makes an insufficient showing on one"). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id*.

considering all the circumstances"); *accord Jacobs v. Horn*, 395 F.3d 92, 102 (3d Cir. 2005). Counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 688. As for the prejudice prong, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

The petitioner bears the burden of establishing his ineffective assistance of counsel claim by a preponderance of the evidence. *United States v. Serrano*, 798 F. Supp. 2d 634, 641 (E.D. Pa. 2011) (citing *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)). Judicial scrutiny of counsel's performance is highly deferential and a petitioner must overcome a "strong presumption" that counsel's strategy and tactics "fall[] within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Accordingly, "[s]urmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

### III.    DISCUSSION

**A.  Ineffective Assistance of Counsel Claims (Grounds One and Two)**

Petitioner argues he was denied his Sixth Amendment right to effective assistance of counsel because trial counsel (1) failed to object during trial "to the government's failure to provide the original passport" and "to the use of a copy of the passport;" (2) failed to file an interlocutory appeal from "the court's suppression of the use of the passport at trial;" (3) failed to challenge the admission of evidence related to "Western Union transactions"[9] and  summaries of

---

[9]    The Western Union records were identified as government's exhibits 16-A, 16-B and 16-C. See Oct. 18, 2006 Trial Tr. at12:6-17 [DE 472].

*Grant v. USA*
Criminal No. 2004-77
Civil No. 2009-116
Page 6

cellular telephone calls made by Jassen Walters and Anele Joseph ("phone record summaries");[10] and (4) failed to "raise *United States v. Booker* arguments during sentencing."[11] Pet'r's Mot. at 5-6; Pet'r's Mem. at 4.

1. Passport allegations

Petitioner claims trial counsel allegedly failed to timely acquire petitioner's original passport or a copy thereof, making petitioner's "ability to mount a defense [] impossible." According to petitioner, the passport (1) established that he was not in Anguilla on certain dates alleged by his co-conspirators and (2) served as an "investigative tool" in that his "counsel would have been able to gather an army of witnesses to impeach the statements of the co-conspirators." Pet'r's Mem. at 2. Petitioner further faults trial counsel for failing to file an interlocutory appeal from the District Court's suppression of the passport.

On appeal, the Third Circuit specifically addressed the passport issue that petitioner now uses as a predicate for an ineffective assistance of counsel claim. In particular, the Third Circuit held that the "government's disclosure of a complete and accurate copy of Grant's passport, in lieu of the original, did not amount to a violation of his due process rights"[12] and that the District

---

[10] Petitioner argues that trial counsel failed to object to the admission of "a diagram of several phone numbers." The government does not respond to this argument. A review of the trial transcripts indicates that evidence introduced by the government included a summary of Cingular and Sprint Nextel cellular phone records of Jassen Walters (Gov't's Ex. 29) and Anele Joseph (Gov't's Ex. 30), respectively. *See* Oct. 19, 2006 Trial Tr. at 8-12. The Court assumes petitioner's argument concerns both phone record summaries.

[11] Petitioner's motion identifies three grounds for relief. In his memorandum, however, he identifies a "fourth" ground for relief. That "ground" discusses the "*Booker*" ineffective assistance claim identified as the basis for ground two.

[12] In support of its holding, the Third Circuit noted that petitioner (1) "conceded that the copies provided by the government were complete and could have been used at trial without causing prejudice;" and (2) " did not raise any issue of authenticity with respect to the copy of the passport." *Grant*, 281 Fed. Appx. at 125.

*Grant v. USA*
Criminal No. 2004-77
Civil No. 2009-116
Page 7

Court properly excluded the passport.[13]  *Grant*, 281 Fed. Appx. at 125.  Petitioner cannot recast this issue under the guise of a section 2255 claim of ineffective assistance of counsel.  *See United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993) (explaining a habeas motion is not the appropriate forum to re-litigate issues previously addressed on direct appeal); *United States v. Michaud*, 925 F.2d 37, 41 (1st Cir. 1991) ("[I]ssues decided on direct appeal may not be relitigated under a different label on collateral review.") (citation omitted); *United States v. Johnson*, 105 F.3d 670 (table), 1997 U.S. App. LEXIS 69, at *4-5 (10th Cir. Jan. 2, 1997) ("We cannot again review this claim simply because it has been recast in the clothing of an ineffective assistance of counsel claim.").

2.Western Union Transactions and Phone Record Summaries

Petitioner faults trial counsel for failing to challenge the admission of Western Union wire transactions between him and his wife and phone record summaries.  Pet'r's Mem. at 3-4.  Petitioner claims the wire transaction and phone summaries were both unrelated to the conspiracy.  Yet, argues petitioner, the admission of this evidence "allowed the government to create a picture of his client as a drug smuggler that was sending the fruits of his conduct to his family" and "created an appearance that petitioner in fact had numerous conversations with other parties charged in the conspiracy."  The government counters that during the trial, petitioner

---

[13]As the Third Circuit explained:

> Grant assert[ed] that he sought to use the passport to establish that he was not in Anguilla on certain dates alleged by his co-conspirators.  Grant's passport was stamped on June 21, 2003 upon his entry to Anguilla.  However, the testimony by one of his co-conspirators about Grant's involvement in the conspiracy *implicated him before his entry into Anguilla* and placed him in St. Marteen [sic], thus making the passport entry irrelevant. Another co-conspirator testified that he spoke to Grant during a call which he placed to Anguilla in September 2003, *which is corroborated by the passport*.

*Grant*, 281 Fed. Appx. at 125.

*Grant v. USA*
Criminal No. 2004-77
Civil No. 2009-116
Page 8

testified to utilizing Western Union on two separate occasions in September 2003, but the government does not further discuss this issue. The government provides no response at all regarding the phone number summaries.

A showing of ineffective assistance based on counsel's failure to challenge the admissibility of evidence requires proof that an objection would have been meritorious. "If evidence admitted without objection was admissible, then the complained of action fails both prongs of the *Strickland* test: failing to object to admissible evidence cannot be a professionally 'unreasonable' action, nor can it prejudice the defendant against whom the evidence was admitted." *Hough v. Anderson*, 272 F.3d 878, 898 (7th Cir. 2001). Here, the Court finds an objection to the Western Union records and phone record summaries would not have been sustained as this evidence was relevant and admissible.

The Western Union records qualified as business records under Rule 803(6). *See* Oct. 18, 2006 Trial Tr. at 12-13 (testimony by the records custodian for Western Union that the records at issue were kept in the regular course of business and the entries and data therein occurred during the events encompassing the charged conduct). Under Federal Rule of Evidence 1006, a summary chart is admissible to prove the contents of voluminous recordings if the underlying documents themselves are admissible. Here, the underlying documents were Sprint Nextel and Cingular phone records, introduced at trial as Government exhibits 22-D and 23, respectively. During the trial, the government laid the requisite foundation for these records and nothing in the record raises a question as to their admissibility. *See* Oct. 18, 2006 Trial Tr. 204-08 (testimony of Sprint Nextel and Cingular employees stating records kept in the regular course of business and entries in those records occurred during the relevant time period).

Because the Western Union records and phone record summaries were admissible under federal evidentiary rules, counsel had no basis for raising an argument to the contrary. *See Strickland*, 466 U.S. at 687-91; *see also Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite.").

3.  Sentencing[14]

In his third claim, petitioner's argues that counsel was ineffective for failing to object to an incorrect application of the sentencing guidelines in violation of *United States v. Booker*, 543 U.S. 220 (2005).[15]  Specifically, petitioner faults trial counsel for failing to challenge the imposition of a 168-month sentence "based solely on the calculations of the 'Advisory Guidelines'" without consideration of "any other factors."  Pet'r's Mem. at 7.  The government argues in conclusory fashion that petitioner "cannot establish prejudice because his sentence was within the applicable guidelines range and below the statutory maximum of life imprisonment." Gov't's Resp. at 3.[16]

To determine a defendant's sentence, the district court must, following the calculation of the applicable advisory Guidelines range, make "an individualized assessment based on the facts presented." *Gall v. United States*, 552 U.S. 38, 50 (2007); *Booker*, 543 U.S. at 264 ("The district

---

[14] In his motion, petitioner identifies alleged failures of trial counsel only during the sentencing hearing. Petitioner's memorandum, however, includes alleged errors also committed by the District Court during the sentencing hearing. To the extent petitioner claims the District Court improperly considered the sentencing factors of 18 U.S.C. § 3553(a), he is barred from doing so as he failed to raise this claim in his direct appeal. *See Hodge*, 554 F.3d at 379. Accordingly, the Court considers this argument only in the context of a claim of ineffective assistance of counsel.

[15] In *Booker*, the United States Supreme Court made the Guidelines "effectively advisory." 543 U.S. at 245.

[16] The Court is perplexed that the government failed to reference the sentencing transcript or at least include it as an exhibit. It is evident from petitioner's argument that he believed the District Court did not consider the section 3553(a) factors. Yet, the government failed to even provide law on this issue.

courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing."). "[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district [court] should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party."[17] *Gall*, 552 U.S. at 49-50; *United States v. Lessner*, 498 F.3d 185, 203 (3d Cir. 2007) ("To be procedurally reasonable, a sentence must reflect a district court's meaningful consideration of the factors set forth at 18 U.S.C. § 3553(a).").

Section 3553(a) factors include "the nature and circumstances of the offense and the history and characteristics of the defendant" as well as several objectives:

> to reflect the seriousness of the offense, ... promote respect for the law, and ... provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment.

18 U.S.C. § 3553(a)(1)-(2). "A sentencing court need not make findings as to each factor if the record otherwise makes clear that the court took the factors into account." *Lessner*, 498 F.3d at 203. In addition, "[t]here are no magic words that a district judge must invoke when sentencing, but the record should demonstrate that the court considered the § 3553(a) factors and any sentencing grounds properly raised by the parties which have recognized legal merit and factual support in the record." *United States v. Cooper*, 437 F.3d 324, 332 (3d Cir. 2006), *abrogated on other grounds by United States v. Wells*, 279 Fed. App'x 100 (3d Cir. 2008). "Moreover, district court judges are not required to routinely state by rote that they have read the *Booker* decision or

---

[17] Section 3553 requires a district court to "impose a sentence sufficient, but not greater than necessary" to comply with the four purposes of sentencing set forth in § 3553(a)(2). "Those purposes are 'retribution, deterrence, incapacitation and rehabilitation.'" *United States v. Clark*, 182 Fed. Appx. 117, 118 (3d Cir. 2006) (citing *United States v. Denardi*, 892 F.2d 269, 276 (3d Cir. 1989)).

that they know the sentencing guidelines are now advisory." *United States v. Dragon*, 471 F .3d 501, 505 (3d Cir. 2006) (quotation marks omitted). "In similar fashion, judges need not routinely state that they have read the entire guidelines manual or all policy statements of the United States Sentencing Commission." *Id*.

In accordance with *Gall*, the District Court afforded both trial counsel and the government an opportunity to present argument in support of the sentences each deemed appropriate. Trial counsel requested (1) a minor-role reduction, pursuant to United States Sentencing Guideline § 3B1.2(b) and (2) an examination of whether the Sentencing Commission can consider the impact on petitioner's familial relationships by banning him from returning "to where he was residing prior to" his arrest. Sentencing Tr. at 3:24-25, 4:1-4, 7:20-25, 8:1-6, 9:3-6. Trial counsel presented the testimony of petitioner's mother, a close friend of petitioner since 1979, and petitioner's cousin. *Id*. at 13:6-7, 14:22-25, 15:1, 10:14-17. Following defendant's allocution, the government explained its position that the evidence presented during the trial supported a sentenced with the guideline range of 168 to 210 months. *Id*. at 18:24-25, 19:1-2. In advocating this sentence, the government noted the following: (1) defendant faced a mandatory minimum sentence of 10 years, based on the charges of conviction, *Id*. at 19-5-7; (2) the evidence indicated defendant played a "significant" role in the conspiracy; and (3) defendant's refusal to accept responsibility for his actions. *Id*. at 21:10-12, 23:16-20.

Thereafter, the District Court, after accepting the findings set forth in the Presentence Investigation Report prepared by United States Probation Office, considered the factors enumerated in section 3553(a). With respect to the nature and circumstances of the offense, the District Court explained "it spread out for some period of time, [] was well-planned, well thought

*Grant v. USA*
Criminal No. 2004-77
Civil No. 2009-116
Page 12

out, and involved several key players to make it effective." *Id*. at 26:17-20. The District Court also reflected on the "seriousness of [petitioner's] offense" and explained "the sentence will be a deterrent to further criminal conduct" and protect the public in the future. *Id*. at 26:21-24. Finally, prior to sentencing petitioner, the District Court rejected defendant's request for a minor-role reduction, noting his "participation was full, was active and was very meaningful" and he had "not accepted responsibility for the conduct." *Id*. at 26:11-16, 27:12-16. Taking into consideration the above and observing the sentence under the Guidelines ranged from 168 months to 210 months, the District Court sentenced petitioner to a term of 168 months. *Id*. at 27:7-8; 12-19.

Despite petitioner's contention to the contrary, the sentencing transcript reflects that the District Court properly considered the section 3553(a) factors before sentencing petitioner to a 168-month sentence. As petitioner's claimed sentencing error is not borne out by the record, his trial counsel had no basis on which to object to the imposed sentence. *See United States v. Aldea*, 450 F. App'x 151, 152 (3d Cir. 2011) ("Counsel cannot be ineffective for failing to raise meritless claims"). Accordingly, petitioner has failed to show how his trial counsel's representation was deficient as he has identified no acts or omissions that were "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Having found that trial counsel did not act in a professionally deficient manner, the Court need not proceed to an analysis of the second *Strickland* prong. *See Boyd v. Warden*, 579 F.3d 330, 376 (3d Cir. 2009) ("It is axiomatic that, to succeed on an ineffective assistance of counsel claim, a petitioner must establish both prongs of the test enunciated by the Supreme Court in Strickland."); *United States v. Delbuono*, 2011 U.S. Dist. LEXIS 90070, at *10 (E.D. Pa. Aug. 11, 2011) (declining to

consider prejudice factor upon finding petitioner failed to satisfy the performance factor).

## B. Fifth and Sixth Amendment Violations (Ground Three)

Petitioner argues that the District Court "violated his Fifth Amendment right to due process and his Sixth Amendment right to a jury trial when the court gave the jury an erroneous reasonable doubt instruction that lowered the government's burden of proof." Pet'r's Mem. at 740. The Third Circuit decided this claim adversely to petitioner on direct appeal. *Grant*, 281 Fed. Appx. at 126.[18] Petitioner thus cannot relitigate this claim under section 2255. *See United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993) (explaining a habeas motion is not the appropriate forum to re-litigate issues previously addressed on direct appeal).

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's Motion to Vacate, Set Aside or Correct Sentence [DE 739] be DENIED without an evidentiary hearing.[19]

---

[18] In particular, the Third Circuit stated as follows:

> Grant's second argument is that the District Court's "two-inference" reasonable doubt jury instruction was erroneous because it lowered the government's burden of proof. While we disapproved of the "two-inference" instruction in *United States v. Jacobs*, 44 F.3d 1219, 1226 & n.9 (3d Cir. 1998), we did not hold the instruction constitutionally deficient *per se*. Even more significant, after *Jacobs*, we held that an almost verbatim jury instruction as the one given by the District Court in this case was not constitutionally deficient. *See U.S. v. Isaac*, 134 F.3d 199, 202-05 (3d Cir. 1998). As we stated in *Isaac*, the jury instruction adequately stated the government's burden and that it never shifted to the defendant. It also explained that a reasonable doubt was a high standard but not an absolute certainty. Thus, *we conclude that Grant's argument that the jury instruction violated his right to due process and right to a jury trial has no merit*.

*Id*. at 126 (emphasis added).

[19] The question of whether to order an evidentiary hearing when considering a motion to vacate a sentence under section 2255 "is committed to the sound discretion of the district court." *Gov't of Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). Here, the record in this case conclusively shows that petitioner is not entitled to relief. *See Padilla-Castro*, 426 Fed. Appx. at 63.

*Grant v. USA*
Criminal No. 2004-77
Civil No. 2009-116
Page 14

It is further recommended that a certificate of appealability be DENIED.[20]

Any objections to this Report and Recommendation must be filed in writing within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. 28 U.S.C. § 636(b)(1); LRCi 72.3.

**Dated:** June 24, 2015              S\_____
                                      **RUTH MILLER**
                                      United States Magistrate Judge

---

[20] When a district court issues a final order on a section 2255 motion, it must make a determination whether it will permit a certificate of appealability. 3d Cir. L.A.R. 22.2; Fed. R. App. P. 22(b)(1). A district court will issue a certificate of appealability only upon a finding of a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Here, the record fails to show a violation of petitioner's constitutional rights. Accordingly, a certificate of appealability should be denied.