# DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS & ST. JOHN

|  |  |
|---|---|
| **VERNON GRANT,** | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) Civil Action No. 2009-0116 |
|  | ) Criminal Action No. 2004-0077 |
| **UNITED STATES OF AMERICA,** | )<br>) |
| Respondent. | )<br>) |

**Appearances:**
**Vernon Grant,** *Pro Se*,
Oakdale, LA

**Kim L. Chisholm, Esq.,**
St. Thomas, U.S.V.I.
    For Respondent

## ORDER ADOPTING REPORT AND RECOMMENDATION

**Lewis, Chief Judge**

THIS MATTER comes before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge Ruth Miller, in which Judge Miller recommended that Petitioner Vernon Grant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 be denied, and that a certificate of appealability also be denied. (Dkt. No. 837).

Grant and others were charged with conspiracy to import controlled substances into the United States from St. Maarten and Anguilla. *Id.* at 1. He was convicted following a jury trial on "three counts of conspiracy to possess with intent to distribute cocaine, conspiracy to import heroin and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841, 952, 960, and 18 U.S.C. § 2." *Id.* at 1-2, quoting *United States v. Grant*, 281 F. App'x 123, 124 (3d Cir. 2008). Grant was sentenced to a term of imprisonment of 168 months, supervised release of five years,

and a $300 special assessment. *Id*. at 2. He appealed his conviction, arguing that: "(1) 'the government's failure to disclose his original passport violated his rights to present a defense, to compulsory process and to due process and the District Court's suppression of the passport was arbitrary;' and (2) the District Court 'violated his Fifth Amendment right to due process and his Sixth Amendment right to a jury trial by giving an erroneous reasonable doubt jury instruction that unconstitutionally lowered the government's burden of proof[.]'" *Id.* (quoting *Grant*, 281 F. App'x at 123, 124). The Third Circuit rejected Grant's arguments and affirmed his conviction. *Grant*, 281 F. App'x 123.

Grant—at the time incarcerated in a federal penitentiary in Mississippi—timely filed a habeas petition, pursuant to 28 U.S.C. § 2255, in which he raised ineffective assistance of counsel arguments. (Dkt. No. 739). He claimed that his trial counsel failed to object to the government's failure to provide his original passport and to use a copy of the passport; failed to file an interlocutory appeal from the court's suppression of the use of the passport at trial; failed to challenge the admission of evidence related to Western Union transactions and telephone record summaries; and failed to raise *United States v. Booker* arguments at sentencing. (Dkt. No. 837 at 5-6). Grant also reiterated his Fifth Amendment due process/Sixth Amendment right to a jury trial claim that he had raised on direct appeal. *Id*. at 13.

In the R&R, Magistrate Judge Miller found that Grant could not raise ineffective assistance of counsel claims on collateral review where: the merits underlying those claims had been rejected on direct review; he could not show that an objection to the admissibility of evidence would have been meritorious; or where the record clearly belied his *Booker* claim. *Id*. at 6-12. Judge Miller also found that Grant had raised his Fifth and Sixth Amendment arguments on direct appeal, and that he could not relitigate those claims under 28 U.S.C. § 2255. *Id.* at 13. Accordingly, Judge Miller recommended that Grant's Motion to Vacate, Set Aside or Correct Sentence (Dkt. No. 739)

be denied without an evidentiary hearing, and that a certificate of appealability also be denied. (*Id.* at 13-14).

Objections to Magistrate Judge Miller's R&R, issued on June 25, 2015, were due within fourteen days after Grant received a copy, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The docket report reflects that a copy of the R&R was mailed to Grant on June 25, 2015. That document was returned to the Court on July 16, 2015 indicating "Forwarding Time Expired." (Dkt. No. 841). On August 24, 2015, the docket report indicates receipt of a letter from Grant at a correctional facility in Louisiana. (Dkt. No. 844). On September 25, 2015, the Court sent a copy of the R&R to Grant at his new address. Grant never filed any objections to the R&R.[1]

Where no objections have been filed, the Court reviews an R&R under the "plain error" standard of review. *Roman v. Overmyer,* 2017 WL 517813, at *1 n.1 (E.D. Pa. Feb. 8, 2017). Under this standard, "an R&R should only be rejected if the magistrate judge commits an error that was '(1) clear or obvious, (2) affect[ed] 'substantial rights,' and (3) seriously affected the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *Leyva v. Williams*, 504 F.3d 357, 363 (3d Cir. 2007)). No such error was committed here.

Upon independent review of the record in this case, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation (Dkt. No. 837) should be adopted in its entirety.

Accordingly, it is hereby

**ORDERED** that Magistrate Judge Miller's R&R (Dkt. No. 837) is **ADOPTED** for the reasons stated herein and more fully stated in the R&R; and it is further

**ORDERED** that Grant's Motion to Vacate, Set Aside or Correct Sentence (Dkt. No. 739) is **DENIED** without an evidentiary hearing; and it is further

---

[1] Fed. R. Civ. P. 72(b)(2) states: "Within fourteen days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."

**ORDERED** that a certificate of appealability is **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall mark the civil case **CLOSED**; and it is further

**ORDERED** that the Clerk of Court shall provide a copy of this Order to Petitioner Vernon Grant by certified mail, return receipt requested.

**SO ORDERED**.

Date: February 22, 2018  _____/s/_____
WILMA A. LEWIS
Chief Judge